
    

        
		
        

        
        
        
        
        

        
		
        	
		STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILAND



    

	
    
	
	
	
		Skip to Main Content
		Accessibility Statement
	
	
		
			
				
					Help
					Contact Us
				
			
			
				
					e-payments
					Careers
				
			
		
	
	
		
			
			
		
		
			
				Home
				Courts
				Decisions
				Programs
				News
				Legal Research
				Court Records
				Quick Links
			
		
	
			
	
		OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILAND

					

				
  



				
					
					
						
						Previous Case

						
						Top Of Index

						
						This Point in Index

						
						Citationize

						
						Next Case

						
						Print Only
					
					
				

				
				STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILAND2020 OK 12Case Number: SCBD-6895Decided: 02/24/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 12, __ P.3d __

				

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 





State of Oklahoma ex rel. Oklahoma Bar Association, Complainant.v.George William Wiland, III, Respondent.
ORDER
¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (Complainant) by and through its Assistant General Counsel Katherine M. Ogden, has presented this Court with an application to approve the resignation of George William Wiland, III, (Respondent), OBA No. 20943, from membership in the Oklahoma Bar Association. Respondent seeks to resign pending disciplinary proceedings and investigation into his alleged misconduct, as provided in Rule 8, Rules Governing Disciplinary Proceedings (RGDP) , 5 O.S. 2011, ch. 1, app. 1-A which provides in Rule 8.2:
Upon receipt of the required affidavit, the Commission shall file it with the Clerk of the Supreme Court and the Supreme Court may enter an order approving the resignation pending disciplinary proceedings.
Upon consideration of the Complainant's application and Respondent's affidavit in support of resignation, we find:
1) On February 10, 2020, following the Complainant's investigation of multiple professional misconduct allegations, Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending investigation of a disciplinary proceeding.
2) Respondent's affidavit of resignation reflects that: 

a) the affidavit was freely and voluntarily rendered;
b) he was not subjected to coercion or duress; and 

c) he was fully aware of the consequences of submitting the resignation. 

Respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing his resignation.
3) Respondent states in his affidavit of resignation that he is aware of formal complaints filed against him and under investigation by Complainant as follows:

DC 17-101: Grievance by Walter Haskins: alleges that I attached Dr. Luker's signature to an affidavit prepared by me for use in my children's custody matter. Dr. Luker states that he never gave final permission to use his signature because he was not comfortable with the language of the affidavit.
DC 17-135 and DC 17-146 by Carrie Luelling and Bri'Anne Wiland: Carrie Luelling represented my former spouse, Bri'Anne Wiland, in our divorce and custody matter. Both parties filed a grievance against me alleging that I 'modified' a medical release to improperly request my wife's medical records. The original release was signed by my former spouse to allow a current physician to obtain her records from a previous physician. I allegedly altered the medical release so that the records would be sent to my attorney. I admit that I altered the authorization as a husband, father, and litigant, but not as an attorney.

DC 19-94: Grievance by Complainant's Office of General Counsel: alleges that I repeatedly failed to attend hearings, missed a deposition of my client and was held in contempt for using abusive language in the courtroom. 

4) Respondent is aware that, if proven, the allegations concerning his conduct as set forth in the above-stated grievances, would constitute violations of Rule1.3 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011, ch. 1, app. 1-A and Rules 1.15 and 8.4(a)(c) and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2011, ch.1, app. 3-A, and his oath as an attorney.
5) Respondent is aware that the burden of proof regarding the allegations asserted rests with Complainant but, Respondent waives any and all rights to contest the allegations.
6) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.
7) Respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A, and it should be approved.
8) The official roster address of Respondent as shown by the Bar Association records is: 7927 East 77th Place, Tulsa, Oklahoma 74133.
9) Respondent is unable to locate his Oklahoma Bar Association membership card, but offers to immediately tender the same should he find it.
10) Respondent acknowledges that Complainant has incurred costs in the investigative pursuit of this matter in the amount of $13.36 and agrees to reimburse said costs within 30 days from the date of this order.
11) Respondent acknowledges that: 

a) his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and 
b) he has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A with which he agrees to comply within twenty (20) days following the date of his resignation.
¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of George William Wiland, III, pending disciplinary proceedings, be approved with costs imposed in the amount of $13.36 which will be paid within 30 days.
¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of George William Wiland, III, be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1--A, the Respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the Respondent shall be a condition of reinstatement. No additional costs are imposed. 
¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 24th DAY OF FEBRUARY, 2020.
/S/CHIEF JUSTICE
CONCUR: Gurich, C.J., Darby, V.C.J., Winchester, Edmondson, Colbert, Combs, Kane, and Rowe, JJ.
CONCUR IN RESULT: Kauger, J.
NOT VOTING: Kane, J.




	Citationizer© Summary of Documents Citing This Document
	
	
		
		Cite
		Name
		Level
		
	
	
	None Found.
	
	
	Citationizer: Table of Authority
	
	
		
		Cite
		Name
		Level
		
	
	
	None Found.
	
	








				
					
					
				

		
		

	
		
			
				oscn
				
				EMAIL: webmaster@oscn.net
				Oklahoma Judicial Center
				2100 N Lincoln Blvd.
				Oklahoma City, OK 73105
			
			
				courts
				
					Supreme Court of Oklahoma
					Court of Criminal Appeals					
					Court of Civil Appeals
					District Courts
				
			
			
				decisions
				
					New Decisions
					Supreme Court of Oklahoma
					Court of Criminal Appeals
					Court of Civil Appeals
									
			
			
				programs
				
					The Sovereignty Symposium
					
					Alternative Dispute Resolution
					Early Settlement Mediation
					Children's Court Improvement Program (CIP)
					Judicial Nominating Commission
					Certified Courtroom Interpreters
					Certified Shorthand Reporters
					Accessibility ADA
									
			
		
	
	
		
			
				
				Contact Us
				Careers
				Accessibility ADA
			
		
	


	
        
        		
        
		
        		
        
        	
    
